UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JAMES FORTNER, as Administrator of the Estate of Randolph Calhoun,

Plaintiff,

v.                                  609CV004

ESTATE OF HELEN PITTMAN, and WILLIAM CALHOUN as sole beneficiary of the Estate of Helen Pittman,

Defendants.

## ORDER

Plaintiff James Fortner, as Administrator of the Estate of Randolph Calhoun has filed this suit claiming that Helen Pittman breached her fiduciary duty to manage over $200,000 that Randolph Calhoun ("Randolph") entrusted to her. Doc. # 1. Allegedly, Pittman commingled Randolph's funds with her own and used the funds for her personal benefit. *Id.* at 3. Because Helen Pittman passed away before Fortner filed this suit, Fortner has named as defendants both Helen Pittman's estate, as well as her son, William Calhoun ("Calhoun"), who Fortner alleges to be the sole beneficiary of Pittman's estate.

Calhoun, in a *pro se* capacity, filed an answer asserting several defenses including: (1) failure to state a claim; (2) improper venue; (3) lack of personal jurisdiction; (4) lack of subject matter jurisdiction; and (5) statute of limitations. Doc. # 4. The Answer also contained a "Counterclaim for Attorney's Fees and Damages." *Id.* at 7-10. Fortner has not filed a response to the counterclaim.

On 1/13/09 the magistrate judge ordered the parties to confer and develop a discovery plan pursuant to 26(f) and he set a deadline to accomplish this. Doc. # 2. On 6/24/09, Fortner informed the Court that he had been unable to get Calhoun to engage in discovery. Doc. # 7. In response, the Court directed Calhoun to comply with Rule 26(f) within 10 days (from 6/24/09) or to face sanctions absent a showing of good cause. Doc. # 6. Fortner now informs the Court that Calhoun has not complied with this Order and, as a result, he moves the Court to impose sanctions. Doc. # 9.

"Although civil litigants who represent themselves ('*pro se*') benefit from various procedural protections not otherwise afforded to the attorney-represented litigant ... *pro se* litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) (internal citations omitted). As it appears that Calhoun has failed to comply with this Court's 6/24/09 Order, some sanction seems appropriate.

However, it would be futile to levy sanctions if this Court indeed lacks jurisdiction over Calhoun, as he asserts in his Answer. To establish that this Court has personal jurisdiction over Calhoun, who claims he is a non-resident defendant, Fortner must establish that Calhoun has "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (internal quotation marks omitted) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Complaint states only that Calhoun is a resident of South Carolina, and it does not mention any contacts that Calhoun has with Georgia. Doc. # 1, ¶ 2.

Although Calhoun asserted the defense of lack of personal jurisdiction and improper venue in his Answer, he has not filed a motion

to dismiss on these grounds.[1] "In the absence of a waiver, a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue." *Lipofsky v. New York State Workers Comp. Bd.*, 861 F.2d 1257, 1258 (11th Cir. 1988). Calhoun has not waived the defense of lack of personal jurisdiction, but rather has forcefully asserted it in his Answer. Thus, the Court directs the plaintiff to file a reply to Calhoun's Answer. *See* F.R.Civ.P. 7(a)(7); *Crawford-El v. Britton*, 532 U.S. 574, 598 (1998) (explaining that a court "may order a reply to the defendant's ... answer under F.R.Civ.P. 7(a)" in order to "insist that the plaintiff put forth specific, nonconclusory factual allegations") (quote and cite omitted). In this reply, Fortner shall address the basis on which he believes this Court has personal jurisdiction over Calhoun.

Also, in the reply, Fortner shall address Calhoun's defense that the Complaint fails to state a claim for which relief can be granted. Specifically, the plaintiff shall identify the Georgia statute(s) and/or case law upon which its claims against *Calhoun* are based.

After receiving plaintiff's reply, the Court will rule on whether it has personal jurisdiction over Calhoun. If the Court finds that it lacks jurisdiction, the Court will dismiss this case or transfer it to another venue "if it is in the interest of justice to do so." 28 U.S.C. §§ 1406, 1631. If the Court finds that it has jurisdiction over Calhoun, it will revisit plaintiff's motion for sanctions.

In conclusion, within *TWENTY (20) DAYS* of this Order, James Fortner shall *FILE A REPLY* to William Calhoun's Answer, doc. # 4, in accordance with the Court's instructions herein.

This day of 2 September 2009.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] However, Calhoun's Answer does contain a "prayer for relief" requesting that the Court find, *inter alia*, that the Court lacks personal jurisdiction, that venue is improper, and that plaintiff's suit be dismissed for failure to state a claim. Doc. # 4 at 9.

2